IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AILEEN MURPHY,

    Plaintiff,

vs.                                                                     Civ. No. 08-25 RHS/LFG

DELOITTE & TOUCHE GROUP
INSURANCE PLAN; METROPOLITAN
LIFE INSURANCE COMPANY,

    Defendants.

**ORDER DENYING DEFENDANTS' COMBINED OBJECTION
AND SUPPORTING MEMORANDUM OF LAW RELATING TO
THE MAGISTRATE JUDGE'S DISCOVERY ORDER [DOC. 67]**

       THIS MATTER comes before the Court on Defendants' Combined Objection and Supporting Memorandum of Law Relating to the Magistrate Judge's Discovery Order [Doc. 67] ("Objections"), filed October 15, 2010 **[Doc. 71]**.[1] Having reviewed the Order Granting in Part and Denying in Part Plaintiff's Motion to Permit Limited Discovery ("Discovery Order") **[Doc. 67]**, the parties' submittals, the relevant authorities, and being otherwise advised in the premises, the Court concludes that the Magistrate Judge's Discovery Order is neither clearly erroneous nor contrary to law. Accordingly, Defendants' Objections will be denied.

       In Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151 (10th Cir. 2010), the Tenth Circuit concluded that while "our case law prohibits courts from considering materials outside the administrative record where the extra-record materials sought to be introduced relate to a claimant's eligibility for benefits[,] . . . . discovery related to the scope and impact of a dual

---

      [1]Plaintiff filed a response to Defendants' Objections. (See Plaintiff's Response to Defendants['] Objections, filed Oct. 28, 2010 **[Doc. 73]**). Defendants filed a reply. (See Defendants' Reply in Support of Their Objection to the Magistrate Judge's Discovery Order [Doc. 67], filed Nov. 10, 2010 **[Doc. 74]**).

role conflict of interest may, at times, be appropriate . . . ."  Murphy, 619 F.3d at 1162 (citation omitted).  The Tenth Circuit emphasized that courts "must apply Federal Rule of Civil Procedure 26(b) to discovery requests seeking information related to a dual role conflict of interest, just as we would apply that rule to other discovery requests."  Murphy, 619 F.3d at 1162.  However, the Court cautioned that neither party "should be allowed to use discovery to engage in unnecessarily broad discovery that slows the efficient resolution of an ERISA claim."  Murphy, 619 F.3d at 1162-63.  In exercising its discretion over such discovery requests, "the district court must bear in mind both the need for a fair and informed resolution of the claim and the need for a speedy, inexpensive, and efficient resolution of the claim."  Murphy, 619 F.3d at 1164 (citation omitted).

In this case, the Magistrate Judge carefully considered Plaintiff's request for discovery "[w]ith these admonitions in mind."  (Discovery Order at 8).  After applying the standard and guidelines set forth by the Tenth Circuit, and balancing the utility of the discovery sought against the burden and expense involved,[2] the Magistrate Judge granted in part and denied in part Plaintiff's request for discovery regarding MetLife's conflict of interest.  The Magistrate Judge granted Plaintiff permission to serve a limited number of written discovery requests and to take one deposition, specifically limited in length and scope of subject matter.  Having considered Defendants' objections, the Court concludes that the Magistrate Judge's Discovery Order is neither clearly erroneous nor contrary to law.  Accordingly, Defendants' Objections will be denied.

---

[2]The Tenth Circuit noted that "the balancing of these concerns will be vested in the sound discretion of the magistrate judge upon remand."  Murphy, 619 F.3d at 1164 n.9.

**WHEREFORE**,

**IT IS ORDERED** that Defendants' Combined Objection and Supporting Memorandum of Law Relating to the Magistrate Judge's Discovery Order [Doc. 67] **[Doc. 71]** is **denied**.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE